———o———

No. 4662.

(Court of Appeal, Parish of Orleans.)

IN RE QUAKER REALTY COMPANY, PRAYING FOR A WRIT OF POSSESSION.

1. The prescription of three years under Art. 233 of the Constitution of 1898 protects a tax purchaser from attack on the ground that he propery was erroneously assessed.

2. Equitable considerations cannot be allowed to mitigate the strictness of the provisions of a statute of repose.

3. When the State's title has been quieted by accrued prescription, a

subsequent physical possession by a claimant for less than ten years is without effect.

Appeal from the Civil District Court, Division "B."

Hall & Monroe, for Appellee.
Chas. Louque, for Appellant.

DUFOUR, J.    The plaintiff company by mesne conveyances became the owner of the following described real estate:

Lots Nos. 22 and 23, measuring 85 feet front on Desire Street by 120 feet in depth, and forming the corner of Desire Street and Robertson.

The property was sold to the State in 1885 for the taxes of 1882 and 1883, assessed in the name of John Robertson, and the deed of the State was spread upon the public records in August of the same year.

In October, 1903, the State Auditor sold the property to W. H. Howcot under the Act 80 of 1888.

The plaintiff, having sued out a writ of possession, was met with an injunction by John Biehler, who claimed ownership of the property and alleged as cause of nullity of the tax title that the sale was made to the State under an assessment in the name of John Robinson, who never owned the property.

The Quaker Company set up the plea of the constitutional prescription of three years.

In June, 1903, Biehler purchased lots 13 and 14 in the same square, measuring 57 feet front on Desire Street by 120 feet in depth, forming the corner of Desire and Claiborne Streets.

The property was vacant up to June 17, 1903, and immediately after his purchase Biehler fenced and filled the lots and has since remained in possession of them.

It appars that all the taxes were paid on said lots 13 and 14; it also appears that the taxes were not paid on the property bought by Howcott from the State.

No question of anterior payment of the taxes for which the property was sold or of duality of assessment is presented by the pleadings and the evidence; the sole complaint is that the property was erroneously assessed.

Against this attack the holder of the tax title is protected by the constitutional prescription.

It is unfortunate that Biehler's authors should, as is claimed, have paid taxes on the wrong property and allowed their own to be erroneously assessed for years, but he must pay the penalty of their neglect.

Sympathetic considerations cannot be allowed to mitigate this strict provision of a statute of repose.

The Quaker Company obtained a title sufficient to identify the property and when Biehler bought it, the State's title had been quieted by the prescription of three years resulting from the registry of the title.

His subsequent physical posssesion for any number of years less than ten is powerless to undo an accrued prescription.

The judgment dissolving the injunction is correct.

Judgment affirmed.

Rehearing refused April 7, 1909.

Writ denied by Supreme Court, May 10, 1909.